IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ERIC MAGANA                                                                        PLAINTIFF

V.                                                      CIVIL ACTION NO.: 3:20-CV-272-GHD-JMV

CORECIVIC, ET AL.                                                     DEFENDANTS

**ORDER**

This matter is before the court on the renewed motion [106] of Plaintiff, Eric Magana, for an order requiring a non-party to this action, the Federal Bureau of Prisons ("BOP"), to produce all records in its possession relating to himself and those concerning another former inmate, "Aziz", who is also a non-party to the instant action. A review of the docket reveals that Plaintiff has filed two (2) proofs of service of subpoenas seeking this same information upon the BOP; however, these subpoenas are not referenced in the instant renewed motion. *See* [97] and [98]. The renewed motion requests records of Magana and Aziz while they were incarcerated by the BOP for an unspecified period of time prior to being transferred to incarceration by the Mississippi Department of Corrections ("MDOC") at the Tallahatchie County Correctional Facility ("TCCF"), a facility developed and managed by Defendant CoreCivic, Inc. For the reasons discussed below, the motion is denied.

In Plaintiff's motion [106] and memorandum in support [107], he contends he was assaulted by inmate Aziz while they were each held at TCCF. Plaintiff alleges this assault resulted from CoreCivic, Inc. having misclassified Aziz as a low security risk rather than as a higher security risk when he was transferred to TCCF from custody of the BOP. Based on these allegations, Plaintiff seeks an order of this Court requiring BOP to produce "all material or

1

information maintained by it" concerning BOP's custody of Aziz and himself before transport to TCCF. *See* Motion [106] at 2.

As legal authority for the motion, Plaintiff's counsel appears to have cut and pasted to his supporting memorandum [107] portions of a letter from an unidentified person instructing him that the Department of Justice ("DOJ"), of which the BOP is a part, cannot produce records to him without "approval of the proper DOJ official," requiring him to submit certain information in order to have a proper DOJ official consider any such request, and finally, informing him also that the Privacy Act, 5 U.S.C. § 552a also applies to information about inmates and prevents any disclosure of the same without either written consent of the person about whom the records sought pertain or an order of an appropriate court permitting the DOJ to produce the information sought. *See* Memorandum [107] at 2.

The court's own research instructs that the BOP, a Bureau of the DOJ, cannot release records sought by subpoena unless the DOJ's *Touhy* regulations, 28 C.F.R. §§ 16.21-16.26, are satisfied. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1950). 28 C.F.R. § 16.24(d)(2) mandates that a U.S. Attorney may authorize the release of the records if it is "appropriate" under 28 C.F.R. § 16.26(a). To determine whether records may permissibly be released, the authorized DOJ official "should" consider whether 1) "such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose;" and 2) the "disclosure is appropriate under the relevant substantive law concerning privilege." 28 C.F.R. § 16.26(a). Pursuant to 28 C.F.R. § 16.26(a), the U.S. Attorney's approval of Plaintiffs' *Touhy* request indicates that the U.S. Attorney agrees with that release of the records complies with applicable procedural law and that no substantive law on privilege prohibits their release.

2

In addition, as noted above, the Privacy Act also prohibits government agencies from disclosing private records "contained in a system of records" without authorization of the "individual to whom the record pertains." 5 U.S.C. § 552a(b). However, the Act contains an exception authorizing disclosure of such records "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). The undersigned has located no statutorily or regulatorily ascribed test for determining whether such a court order is to be made, nor any decision on the subject in this District. Nonetheless, decisions outside this District have sometimes held that 5 U.S.C. § 552a(b)(11) motions "should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure." *See e.g. Medina v. County of San Diego*, 2014 U.S. Dist. LEXIS 135672, *12 (S.D.Ca. 2014) (*citing Perry v. State Farm Fire & Casualty Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984)).

As applied in the instant case, the court first notes that irrespective of the potential of a court order pursuant 5 U.S.C. § 552a(b)(11) to sidestep the prohibition of the Privacy Act on production of the information such as that sought from BOP in the instant motion, production of the records sought in this case would still not be proper absent approval by the appropriate DOJ officer in compliance with DOJ's *Touhy* regulations, 28 C.F.R. §§ 16.21-16.26. It is unclear at this juncture whether Plaintiff has unsuccessfully sought the DOJ's approval or has not yet even attempted to obtain it. And, even if he did have that approval, since his own client can simply elect to waive the protection afforded by the Privacy Act, his requesting, instead, that the court order the production of his own documents pursuant to 5 U.S.C. § 552a(b)(11) is perplexing and a waste of judicial resources.

There is simply no showing made by Plaintiff that the documents requested—those being literally all that are in possession of BOP related to Aziz or himself—are relevant in this case and

3

are unprivileged/unprotected from discovery. Furthermore, Plaintiff has failed to show that Aziz, whose entire prison record is apparently sought, has been provided any notice of that request, or that even that the BOP or the DOJ, non-parties to this action, were given notice of the instant motion which requests that this Court order them to take action.

In short, while it is certainly possible that certain records within the possession of BOP might be shown to be properly the subject of a 5 U.S.C. § 552a(b)(11) court order, the order sought in this case cannot be properly made in light of the various failings outlined above. Therefore, the Motion for Production of Federal Bureau of Prison Materials [106] is hereby **DENIED**.

**SO ORDERED,** this the 11th day of August, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE