# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**ERIK MAGANA**                                                                       **PLAINTIFF**

**V.**                            **CIVIL ACTION NO.: 3:20-CV-272-GHD-JMV**

**CORECIVIC, ET AL.**                                              **DEFENDANTS**

## ORDER GRANTING MOTION TO COMPEL

Before the Court is the motion of Defendants CoreCivic Inc.; Tallahatchie County Correctional Facility ("TCCF"), Warden Rafael Vergara; Correctional Counselor Tarmeisha Hampton; Unit Manager Lillie Hazard; and Facility Investigator Billy Baker (collectively, the "TCCF Defendants") to compel Plaintiff to fully answer various discovery requests [114]. The TCCF Defendants submitted a declaration in accordance with L.U.Civ. R. 37(a) detailing Plaintiff's failure to provide discovery responses after repeated requests [114] at Ex. G.

In Plaintiff's brief response [119], Plaintiff states that as of the date of his response, he has provided executed authorization for release of information to Defendants and admits that he has "requested but not received medical records of Jessica Parker, M.D., Novant Health Neurology & Sleep, Waxhaw, NC; and New Beginnings Treatment Center, Charlotte, NC. Plaintiff's counsel will produce these records upon receipt." [119] at 1. According to Plaintiff, the motion to compel should now be deemed moot.

In their reply [130], the TCCF Defendants argue that the only issue that has been resolved thus far is the executed authorization. The TCCF Defendants assert that the remaining issues raised by the motion to compel are still in dispute and should still be granted.

For the reasons outlined in the TCCF Defendants' Motion to Compel, supporting Memorandum, and Rebuttal Memorandum, (most of which was unaddressed by Plaintiff in his

response [119] to the motion and would be deemed conceded pursuant to *Mayfield v. City of Madison, Miss.*, 2021 WL 8322141, at *1 (S.D. Miss. Aug. 6, 2021)), the Court will **GRANT** the TCCF Defendants' Motion [114]. **THUS, PLAINTIFF IS HEREBY ORDERED TO:**

1) fully and completely respond to and/or supplement responses to written discovery requests propounded by the TCCF Defendants, including but not limited to Interrogatory Nos. 7, 8, and 10 and Request for Production Nos. 5, 9, 14, and 18; and

2) produce any and all discoverable records within Plaintiff's (or Plaintiff's counsel's) custody, possession, or control, including but not limited to medical or other records that are currently in custody of a third party, but that Plaintiff has the right or authority to obtain.

As to part one (1), Plaintiff is ordered to provide the full responses/supplemental responses within **fourteen (14) days** of the date of this Order. As to part two (2), Plaintiff is ordered to produce any and all discoverable records within his or his counsel's custody, possession, or control immediately, but in any event, no later than **thirty (30) days** from today's date.

Federal Rule of Civil Procedure 37(a)(5)(A) states in relevant part, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added). Accordingly, the award of costs is mandatory pursuant to Rule 37 where the motion to compel is meritorious, which the court finds that it is.

**PLAINTIFF IS, THEREFORE, ORDERED** to pay the TCCF Defendants' reasonable expenses, including attorneys' fees, which were incurred in making the Motion to Compel [114].

The TCCF Defendants are instructed to submit the itemized fees and expenses to the Court and counsel opposite within **five business days**. Counsel for Plaintiff shall have **five business days** after submission to make any objections to the reasonableness thereof.

**SO ORDERED**, this, the 2nd day of December, 2022.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE