IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ERIK MAGANA                                                                                  PLAINTIFF

V.                                         CIVIL ACTION NO.: 3:20-CV-272-GHD-JMV

CORECIVIC, ET AL.                                                     DEFENDANTS

ORDER DENYING PLAINTIFF'S OBJECTIONS TO AND
APPEAL OF MAGISTRATE JUDGE'S ORDER

Presently before the Court is the Plaintiff's objections [138] to and appeal of an Order [134] entered by the Magistrate Judge in this matter. The subject order granted the Defendants' motion to compel discovery responses from the Plaintiff [114] and awarded the Defendants their incurred fees and costs in bringing the motion, as is required by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. The Defendants have filed a response to the Plaintiff's objection [141, 142]. The matter is now ripe for review. *See* L. U. Civ. R. 72(a)(1)(A). Upon due consideration and for the following reasons, the Plaintiff's objections are overruled and the Magistrate Judge's Order is affirmed.

*I.*      *Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.' " *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive

orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## II. Analysis and Discussion

The Plaintiff's objection is primarily directed at the Magistrate Judge's award of fees and costs, which was made pursuant to Rule 37(a)(5)(A). See Plaintiff's Motion to Appeal (Doc. No. 138) at p. 4 ("The Magistrate Judge's order compelling discovery as it relates to the imposition of attorney's fees and expenses should be vacated.... Therefore, Plaintiff respectfully requests that the Court vacate and reverse the order compelling discovery as it relates to the imposition of attorneys' fees and expenses.").

First, the Court finds that the Magistrate Judge's Order [134], which granted the Defendants' motion to compel discovery responses from the Plaintiff [114], clearly and accurately sets forth the facts surrounding the parties' discovery dispute and why the Defendants prevailed on the motion to compel. Parties may seek discovery at any point after the parties have conferred

2

as required by Rule 26(f). FED. R. CIV. P. 26(d)(1). Once interrogatories and requests for production have been propounded upon a party, he has thirty (30) days to respond. FED. R. CIV. P. 33(b)(2); FED. R. CIV. P. 34(b)(2)(A). If a party fails to respond to discovery requests, the propounding party may file a motion to compel, provided that the movant certifies that he has, in good faith, conferred or attempted to confer with the party failing to respond. FED. R. CIV. P. 37(a)(1). The Magistrate Judge correctly followed these requirements in ruling that the Defendants' motion to compel was meritorious.

Second, the Plaintiff's argument that the Magistrate Judge committed error in ruling that the Plaintiff must pay attorney fees is likewise without merit. If a motion to compel is granted or the requested discovery is provided after a motion to compel is filed, "the court *must,* after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added). The court must not order payment only if: (1) the movant did not, in fact, attempt in good faith to obtain the requested discovery responses without court action; (2) the failure to respond was substantially justified; or 3) any other circumstance makes the award unjust. FED. R. CIV. P. 37(a)(5)(A)(i)-(iii).

In this case, the Magistrate Judge, after reviewing the circumstances, implicitly held that the Plaintiff's failure to timely respond to discovery was not substantially justified under the circumstances and that there were no other circumstances making an award of fees unjust. Further, there is no credible evidence demonstrating that the Defendants did not attempt in good faith to obtain the requested discovery responses without court action. Thus, the Magistrate Judge was required by Rule 37(a)(5)(A) to award attorneys' fees to the Defendants. Accordingly, the Court

3

finds that the Magistrate's ruling is not clearly erroneous or contrary to law, and the Magistrate Judge's Order Granting Motion to Compel and award of attorneys' fees for bringing the motion to compel is therefore affirmed. See, e.g., *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-00226-SA-JAD, 2010 WL 3717600, at *1–2 (N.D. Miss. Sept. 14, 2010).

In sum, after careful consideration of the parties' arguments, the Magistrate Judge's Order, and all pertinent legal authorities, the Court finds that the Plaintiff's objections are without merit and that the Magistrate Judge's Order is supportable by the record and is not clearly erroneous or contrary to law, and the Court therefore affirms that Order.

THEREFORE, it is hereby ORDERED that the Plaintiff's objection [138] and appeal is OVERRULED, and the Magistrate Judge's subject Order [134] is AFFIRMED in its entirety.

THIS, the 24 day of January, 2023.

_____
SENIOR U.S. DISTRICT JUDGE

4